FARMERS' LOAN & TRUST CO. v. CENTRAL PARK, N. & E. R. R. CO. et al.

(Circuit Court, S. D. New York. June 29, 1908.)

STREET RAILROADS (§ 58*)—RECEIVERS—GROUNDS OF APPOINTMENT—PRESERVATION OF PROPERTY PENDING FORECLOSURE OF MORTGAGE.

The appointment of a temporary receiver in a suit to foreclose a mortgage on street railroad property is discretionary with the court, and in the event of opposition by the mortgagor, which is a live corporation operating the property, such an appointment will not be made unless the integrity of the property is threatened by the action of other creditors.

[Ed. Note.—For other cases, see Street Railroads, Dec. Dig. § 58.*]

In Equity. On application for appointment of temporary receiver in suit to foreclose a mortgage.

Turner, Rolston & Horan, for complainant.
Thompson, Vanderpoel & Freedman, for defendants.

LACOMBE, Circuit Judge. The interesting questions raised as to the equity of the bill need not be discussed. The present application

is for the appointment of a temporary receiver only, and that is a matter of discretion, which, in the event of opposition by the mortgagor, is not exercised unless there is some special reason which makes it necessary for the court to preserve the property by taking possession of it. Usually it happens that there are general creditors who may by judgment, attachment, or execution break up the property or put it out of business. No such condition of affairs exists here. The state is a creditor for unpaid franchise taxes, the amount of which is in litigation in the state courts; but, since it has a prior lien on the property into whatever hands it may come, it is not threatening to seize the property. Excepting, perhaps, the New York City Railway Company, there are no unsecured creditors; nothing in the way of interference with the property is to be apprehended from creditors. The mortgagor is a live corporation, with an existing board of directors, and is expecting at an approaching stockholders' meeting to elect a new board; it is quite competent to run its road or to make arrangements for leasing or for running it, and under these circumstances it would seem inequitable to take the road out of the mortgagor's hands against the mortgagor's objections. Such a course is not now essential to the conservation of complainant's rights.

The motion is therefore denied, without prejudice to its renewal should circumstances alter hereafter.